### ROSS v. WILLIAMS.

### No. 11,848; September 19, 1887.

#### 15 Pac. 47.

**Reformation of Deed—Mistake in Description.**—A Settler on Public Lands gave a wrong description of the land in his application for a patent, owing to a mistake of the government surveyor in marking the stakes, and a patent for the land issued containing such wrong description. The property, after several conveyances, was conveyed to plaintiff, but the original patentee remained in possession

under an agreement with plaintiff by which he was to have the privilege to repurchase the land by a certain time. After the mistake in the description was discovered, plaintiff conveyed the land to the government, and received a patent in the name of the original patentee for the land as actually settled by the patentee. Held, that plaintiff was entitled to a reformation of the deeds from his grantor, and to the possession of the land taken in by the reformation.

APPEAL from Superior Court, Lassen County; M. Marsteller, Judge.

This is an action brought by A. E. Ross, plaintiff, against Joseph Williams, Michael Coffee, and D. M. Gloster, defendants, to reform certain conveyances, and to recover from defendant Williams the possession of the land put in by such reformation, with damages for its detention. The defendant Williams, as a pre-emptor, settled upon and improved "lots numbered 2, 3, and 4, and the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 12, in township 24 N., of range 17 E., of Mount Diablo base and meridian, containing one hundred and forty-three 95-100 acres"; but in proceeding to obtain a patent therefor, and in issuing the patent therefor, the land was by mistake described as "lots numbered 2, 3, and 4, and the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 13." He also, under the homestead laws, settled upon and improved the "N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, and the W. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 12, and the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 1"; but in his proceedings to obtain a patent therefor, and in issuing the patent, the tract was described by mistake as the "W. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 13, and the W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 12."

The defendant Williams sold the land to the defendant Coffee, who sold to defendant Gloster, intending to convey the land actually settled on by Williams, but followed the description found in the patent from the United States.

In January, 1882, Williams being in possession of all the land under an agreement with Gloster, by which he had the right to purchase all of it from Gloster, but the time in which he was to make such purchase being about to expire, he requested plaintiff to buy the land, and thereafter give him (Williams) an extension of time, upon such terms as Williams and the plaintiff might agree, in which to purchase and pay for it. The plaintiff purchased all of the land from

Gloster, who on January 20, 1882, executed and delivered to plaintiff a warranty deed, by which he intended to convey to plaintiff the land which Williams had settled upon and improved, and which was intended to be conveyed to him by the government; but Gloster followed the description as made in the deed to him, as conveyed to Williams by the United States.

It appeared that in making the government survey the surveyors made a mistake in marking some of the stakes, which misled the defendant and others in describing the land in their applications, and the error thus made continued through all the writings. This mistake was discovered in 1882, and, the attention of the land department of the government being called to it, was corrected before this suit was commenced, as to patents, by plaintiff's deeding the property conveyed to him by Gloster to the United States, and receiving a patent in the name of Williams for the land settled on by Williams. Plaintiff bought the land from Gloster for thirteen hundred and nine dollars. He then gave to defendant, Williams, a contract of sale whereby he agreed to convey the land to defendant at any time within five years, upon payment of the purchase price above stated, interest, taxes, and other advances, such interest to be paid annually. This agreement was made the sixteenth day of February, 1882, and it provided that, if defendant failed in any part of his agreement, he would deliver possession of premises to plaintiff. Defendant failed to comply with the agreement as to payment of interest, and before commencement of this action he surrendered the agreement, and notified plaintiff that he could not comply with it. After it was learned that a mistake had been made in the description of land, defendant claimed that he was on public land, and refused to surrender possession to plaintiff. Plaintiff had judgment. Defendant, Williams, appeals.

E. V. Spencer for appellant; J. D. Goodwin for respondent.

FOOTE, C.—This is an action brought for the purpose of reforming certain conveyances, and to recover certain lands which should have been properly described, but which by mistake were erroneously set out, therein. The plaintiff had

judgment against all the parties defendant, but only one of them, Williams, appeals therefrom, and from an order denying him a new trial.

The points made by the appellant are that the findings are not supported by the evidence, and that the court erred in its rulings upon the admission and exclusion of evidence. To us the findings appear to be fully sustained by the evidence. We have examined with care the various rulings of the court as to the exclusion or admission of proffered evidence, and find that tribunal either to have been right in its action, or that its rulings did not and could not have had the least effect upon the decision in the cause. The effort of Williams to retain the land, and the money for which he had sold it, and his refusal to convey it by the description which it was originally intended to have, appears to have been inspired by a supposition he seems to have entertained that in some way unexplained by the record he could keep the plaintiff out of his just rights.

There is no merit in the appeal, and the judgment and order should be affirmed.

We concur: Belcher, C. C.; Hayne, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.